ORAL ARGUMENT SCHEDULED

*Appeal No. 22-7058*

IN THE

# United States Court of Appeals

FOR THE DISTRICT OF COLUMBIA CIRCUIT



Eli M. Borochov; Ronen Steven Borochov; Devora Sue Borochov; Josef S. Borochov; Shira Nechama Borochov; Abraham M. Borochov; Yoav Golan; Rotem Shoshana Golan; Yehudit Golan; Matan G. Golan; Cici Jacobson; Eddy Jacobson; Chaim Goldwater; Esther Goldwater; Shmuel Gorfinkle; Sara Gorfinkle; Esther Fishfeder; David Fishfeder;

*Plaintiffs,*

and

Shari Mayer Borochov; Raphael Golan; Nadav Golan; Yael Golan Inbar; Shai Fishfeder; Efrat Fishfeder; Ohad Fishfeder; Omer Fishfeder; Shiri Fishfeder,

*Plaintiffs-Appellants,*

against

Islamic Republic of Iran; Syrian Arab Republic,

*Defendants-Appellees.*

_____

*On Appeal from the United States District Court
for the District of Columbia*

## SUPPLEMENTAL BRIEF FOR PLAINTIFFS-APPELLANTS

Robert J. Tolchin
The Berkman Law Office, LLC
*Attorneys for Plaintiffs-Appellants*
829 East 15th Street
Brooklyn, New York 11230
718-855-3627

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................... ii

ARGUMENT .............................................................................................................1

    I.    The Terrorism Exception Reaches Sovereigns that Provide Material Support to Even Incomplete Killings .........................................................2

    II.    Holding Otherwise Produces an Absurd Incongruity Contrary to the Purposes of the Terrorism Exception .........................................................5

CONCLUSION .........................................................................................................7

CERTIFICATE OF COMPLIANCE .......................................................................8

i

# TABLE OF AUTHORITIES

**Cases**

*Acosta v. Islamic Republic of Iran*,
   574 F.Supp.2d 15 (D.D.C. 2008) ...................................................................5

*Borochov v. Islamic Republic of Iran*,
   589 F.Supp.3d 15 (D.D.C. 2022) ...................................................................3

*Flanagan v. Islamic Rep. of Iran,*
   190 F.Supp.3d 138 (D.D.C. 2016) .................................................................2

*Force v. Islamic Republic of Iran*,
   610 F.Supp.3d 216 (D.D.C. 2022) ......................................................... 2, 5, 6

*Han Kim v. Democratic People's Republic of Korea*,
   774 F.3d 1044 (D.C. Cir. 2014) .....................................................................2

*Karcher v. Islamic Republic of Iran*,
   396 F.Supp.3d 12 (D.D.C. 2019) ...................................................................3

*Leibovitch v. Islamic Republic of Iran*,
   697 F.3d 561 (7th Cir. 2012) .........................................................................6

*Loughrin v. United States*,
   573 U.S. 351 (2014) ......................................................................................4

*Opati v. Republic of Sudan*,
   140 S.Ct. 1601 (2020) ...................................................................................2

*Owens v. Republic of Sudan*,
   864 F.3d 751 (2017) ......................................................................................2

*Shaffer v. Singh*,
   343 F.2d 324 (D.C. Cir. 1965) .......................................................................5

*Sissel v. United States HHS*,
   799 F.3d 1035 (D.C. Cir. 2015) .....................................................................4

*Skinner-Smith v. Sec'y of HHS*,
   141 Fed. Cl. 348 (2018) .................................................................................4

*Van Beneden v. Al-Sanusi*,
   709 F.3d 1165 (D.C. Cir. 2013) ..................................................................1, 5

**Statutes**

28 U.S.C. § 1605(a) ..................................................................................................6

28 U.S.C. § 1605B ....................................................................................................6

TVPA, Pub. L. No. 102-256, 106 Stat. 73 ................................................................2

Per this Court's May 4, 2023 order, Appellants respectfully submit this supplemental brief showing that the waiver of sovereign immunity contained in 28 U.S.C. §1605A(a)(1) applies to cases in which only an attempted extrajudicial killing occurred, and in which the provision of material support for an extrajudicial killing caused only non-lethal injuries.

**ARGUMENT**

Section 1605A(a)(1) (the "Terrorism Exception") strips immunity "against a foreign state for personal injury or death that was caused by an act of…extrajudicial killing…or the provision of material support or resources for such an act." *Id.* Courts "in this District have consistently held that attempted extrajudicial killings fall within the meaning of §1605A(a)(1)'s text." *Roberts v. Islamic Republic of Iran*, 581 F.Supp.3d 152, 170 (D.D.C. 2022).

Courts, including the district court below, have come to that conclusion for multiple reasons including those described below, suggesting at least that §1605A is ambiguous on this issue. As this Court explained, "[g]uided by [§1605A's] text and purpose, we interpret its ambiguities flexibly and capaciously." *Van Beneden v. Al-Sanusi*, 709 F.3d 1165, 1167 (D.C. Cir. 2013). This is because, "[c]oncerned with victims' inability to obtain redress in terrorism cases," Congress "enacted the terrorism exception expressly to bring state sponsors of terrorism…to account for their repressive practices" and "to prevent [them] from escaping liability for their

sins." *Han Kim v. Democratic People's Republic of Korea*, 774 F.3d 1044, 1048 (D.C. Cir. 2014). And holding otherwise produces "incongru[ous]" results. *Force v. Islamic Republic of Iran*, 610 F.Supp.3d 216, 228 (D.D.C. 2022).

I.  **The Terrorism Exception Reaches Sovereigns that Provide Material Support to Even Incomplete Killings**

Under the Terrorism Exception, "extrajudicial killing" has the meaning given that term "in section 3 of the Torture Victim Protection Act of 1991." 28 U.S.C. §1605A(h)(7). That section is focused entirely on whether the killing was "authorized by a previous judgment pronounced by a regularly constituted court" or was "lawfully carried out," TVPA, Pub. L. No. 102-256, §3(a)—not distinguishing between death and some form of lesser physical injury (like "battery").[1]

---

[1] *Force* noted the "structure of the TVPA" and some TVPA cases support requiring death. But unlike the FSIA, the TVPA limits claims relating to extrajudicial killing to "action[s] for wrongful death," TVPA, §2(a)(2), whereas the Terrorism Exception reaches "personal injury or death." §1605A(a), (c). This Court warned against incorporating more than "the specified definition" from the TVPA. *Owens v. Republic of Sudan*, 864 F.3d 751, 776 (D.C. Cir. 2017), *vac'd on other grounds sub nom. Opati v. Republic of Sudan*, 140 S.Ct. 1601 (2020). *See also Flanagan v. Islamic Republic of Iran,* 190 F.Supp.3d 138, 164 (D.D.C. 2016) ("there is no indication that when Congress imported the definition of 'extrajudicial killing' from section 3 of the TVPA into the FSIA, it similarly meant to carry over the state-actor limitation from section 2").

In any event, as the district court below correctly noted, the Terrorism Exception reaches not only "extrajudicial killings" and other wrongs, however defined, but also the "provision of material support *for* such an act." §1605A(a)(1) (emphasis added). The word "for" indicates the "material support" must be provided for the *purpose* of executing the enumerated acts, but not that they were necessarily completed. *Karcher v. Islamic Republic of Iran* concluded that "[n]othing on the face of Section 1605A(a)(1) requires that the material support or resources for an *intended* extrajudicial killing actually result in someone's death, as long as the victim represented in the case was injured." 396 F.Supp.3d 12, 57 (D.D.C. 2019) (emphasis added). The district court below agreed, explaining: "The word 'for' matters." It elaborated:

> As used in the provision, "for" "indicate[s] the object or purpose of an action or activity." *For*, Am. Heritage Dictionary 329 (3d ed. 1994). One dresses "for" dinner or studies "for" an exam even if the dinner or exam never occurs. Thus, a foreign state's support with the object or purpose of an extrajudicial killing constitutes support "for such an act" under the statute. §1605A(a)(1). And support with that intention or objective can therefore cause "personal injury," even if a resulting attack is not deadly. §1605A(a)(1). This interpretation faithfully considers Congress's inclusion of "for" in the statute and abides by the D.C. Circuit's guidance to "interpret [the FSIA's] ambiguities flexibly and capaciously." *Van Beneden*, 709 F.3d at 1167.

*Borochov v. Islamic Republic of Iran*, 589 F.Supp.3d 15, 32 (D.D.C. 2022) (some citations omitted or shortened).

Other courts, including this one, have relied on dictionaries to conclude that "for" relates to intent. *See, e.g.*, *Sissel v. United States HHS*, 799 F.3d 1035, 1043 (D.C. Cir. 2015) (concurrence) ("The Clause's critical word for this analysis is 'for.' The word 'for' in this context means 'with the purpose or object of.'") (quoting *Webster's Third New International Dictionary of the English Language* 886 (1981)); *Skinner-Smith v. Sec'y of HHS*, 141 Fed. Cl. 348, 370 (2018) ("The plain meaning of the word 'for,' as defined by dictionaries…is to indicate 'purpose.'") (citation omitted).

*Roberts, supra,* observed that the Terrorism Exception also differs from the TVPA by adding the words "act of" to the phrase "extrajudicial killing," explaining it "'must give effect, if possible, to every clause and word of a statute,' and suggesting the 'act of' language inserted in §1605A(a)(1) is significant." *Roberts,* 581 F.Supp.3d at 169 (quoting *Loughrin v. United States*, 573 U.S. 351, 358 (2014)). *Roberts* held "[t]he term 'act of' could be read multiple ways," including "'[t]he process of doing' something," as in "the process of committing an extrajudicial killing." *Id.* Attempted murder—machinegunning a crowd, ramming a car into pedestrians on a sidewalk, or detonating a bomb in a shopping center—is an "act of…extrajudicial killing" even if by the grace of God people 'only' lose limbs and are not killed. Given that ambiguity, *Roberts* explained it would "interpret §1605A(a)(1) broadly," as instructed by this Court in *Van Beneden*. *Id.* at 170.

-4-

## II. Holding Otherwise Produces an Absurd Incongruity Contrary to the Purposes of the Terrorism Exception

A contrary reading would mean that victims with devastating and life-altering injuries would not have standing to sue, but someone with far less severe injuries could, simply because an unrelated victim happened to die in the same attack. For example, in *Acosta v. Islamic Republic of Iran*, 574 F.Supp.2d 15 (D.D.C. 2008), a plaintiff sustained a claim because she witnessed her husband get shot even though he survived—the attack qualified simply because someone *else* was shot in a *different* phase of the attack died *later* of his wounds. *Id.* at 15. "The question, then, is whether Congress could have intended such an incongruity." *Force*, 610 F.Supp.3d at 228.

> This Court, however, avoids absurd and even "merely unreasonable" results:
>
> When that meaning has led to absurd or futile results, however, this Court has looked beyond the words to the purpose of the act. Frequently, however, even when the plain meaning did not produce absurd results but merely an unreasonable one plainly at variance with the policy of the legislation as a whole this Court has followed that purpose, rather than the literal words.

*Shaffer v. Singh*, 343 F.2d 324, 326 (D.C. Cir. 1965) (citation and quotation marks omitted). The Terrorism Exception's "purpose" was "to lighten the jurisdictional burdens borne by victims of terrorism seeking judicial redress." *Van Beneden*, 709 F.3d at 1167 n.4. *See also Leibovitch v. Islamic Republic of Iran*, 697 F.3d 561, 563

-5-

(7th Cir. 2012) (Congress adopted the Terrorism Exception's predecessor "to 'deter terrorism'" and "'provide justice' for victims of terrorist acts") (citing legislation).

*Force* suggested "Congress might have limited the reach of the exception to the most heinous and destructive acts." 610 F.Supp.3d at 228. But the other acts included in the jurisdictional clause—torture, hostage taking, and aircraft sabotage—do not necessarily involve death or even serious injury (in fact, as noted in *Force*, the definitions of "aircraft sabotage" and "hostage taking" "expressly include attempts," *id.* at 224). By the *Force* court's reading, Congress must have believed that terrorist attacks like suicide bombings and mass shootings of civilians are not as intrinsically heinous as a brief (or attempted) hostage-taking or simply an *attempt* to sabotage an aircraft. Indeed, the same act of sabotaging an aircraft with the intent to kill everyone on board, but only resulting in injuries, would be sufficiently "heinous" under the "aircraft sabotage" prong, but somehow not under the "extrajudicial killing" prong.

Moreover, the FSIA strips immunity for far less "heinous" reasons, like implied waiver, commercial torts, illegal property takings, succession/gift rights, *personal injury or death in the U.S. caused by tortious acts*, or arbitration agreements. 28 U.S.C. §1605(a)(1)-(6), respectively. Death is also not a requirement in §1605B, for terrorist attacks within the United States. And these exceptions to immunity apply to *all* foreign states, not just designated State Sponsors of Terrorism,

-6-

as in §1605A. It is simply implausible that Congress thought foreign terrorist attacks resulting 'only' in grievous injuries are insufficiently heinous when involving state sponsors of terrorism.

## CONCLUSION

For the reasons stated above, the Court should find it has jurisdiction here.

Dated: Brooklyn, New York
May 17, 2023

Respectfully submitted,

THE BERKMAN LAW OFFICE, LLC
*Attorneys for Plaintiffs*

by: _____
Robert J. Tolchin

829 East 15th Street, Box 7
Brooklyn, New York 11230
718-855-3627
rtolchin@berkmanlaw.com

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 28(a)(10), I hereby certify that this Brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because, excluding the portions of this Brief exempted by Fed. R. App. P. 32(f) and Circuit Rule 32(e)(1), this Brief contains 1,496 words. This word count was made by use of the word count feature of Microsoft Word, which is the word processor used to prepare this Brief.

I further certify that this document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. Proc. 32(a)(6).

Dated: May 17, 2023

/s/ Robert J. Tolchin
Robert J. Tolchin
*Attorney for Plaintiff-Appellant*

# CERTIFICATE OF SERVICE

I hereby certify that on May 17, 2023, 2 copies of the foregoing Supplemental Brief for Plaintiffs-Appellants were served via Federal Express upon the following:

Catherine E. Stetson
UNIVERSITY OF VIRGINIA SCHOOL OF LAW
580 Massie Road
Charlottesville, VA 22903
(240) 515-4609

U.S. DEPARTMENT OF JUSTICE
950 Pennsylvania Avenue, NW
Washington, DC 20530
(202) 514-2000

Dated: May 17, 2023

/s/ Robert J. Tolchin
Robert J. Tolchin
*Attorney for Plaintiff-Appellant*