ORAL ARGUMENT SCHEDULED

*Appeal No. 22-7058*

IN THE

# United States Court of Appeals

FOR THE DISTRICT OF COLUMBIA CIRCUIT



ELI M. BOROCHOV; RONEN STEVEN BOROCHOV; DEVORA SUE BOROCHOV; JOSEF S. BOROCHOV; SHIRA NECHAMA BOROCHOV; ABRAHAM M. BOROCHOV; YOAV GOLAN; ROTEM SHOSHANA GOLAN; YEHUDIT GOLAN; MATAN G. GOLAN; CICI JACOBSON; EDDY JACOBSON; CHAIM GOLDWATER; ESTHER GOLDWATER; SHMUEL GORFINKLE; SARA GORFINKLE; ESTHER FISHFEDER; DAVID FISHFEDER;

*Plaintiffs,*

*and*

SHARI MAYER BOROCHOV; RAPHAEL GOLAN; NADAV GOLAN; YAEL GOLAN INBAR; SHAI FISHFEDER; EFRAT FISHFEDER; OHAD FISHFEDER; OMER FISHFEDER; SHIRI FISHFEDER,

*Plaintiffs-Appellants,*

*against*

ISLAMIC REPUBLIC OF IRAN; SYRIAN ARAB REPUBLIC,

*Defendants-Appellees.*

———————

*On Appeal from the United States District Court
for the District of Columbia*

## SUPPLEMENTAL BRIEF FOR PLAINTIFFS-APPELLANTS IN RESPONSE TO *AMICUS CURIAE* UNITED STATES

Robert J. Tolchin
THE BERKMAN LAW OFFICE, LLC
*Attorneys for Plaintiffs-Appellants*
829 East 15th Street
Brooklyn, New York 11230
718-855-3627

# **TABLE OF AUTHORITIES**

**Cases**

*Boim v. Holy Land Found. for Relief & Dev.*,
　549 F.3d 685 (7th Cir. 2008)...............................................................................3, 4

*Force v. Islamic Republic of Iran*,
　610 F. Supp. 3d 216 (D.D.C. 2022).........................................................................5

*Karcher v. Islamic Republic of Iran*,
　396 F. Supp. 3d 12 (D.D.C. 2019)...........................................................................4

*Kilburn v. Socialist People's Libyan Arab Jamahiriya*,
　376 F.3d 1123 (D.C. Cir. 2004) ..............................................................................3

*Owens v. Republic of Sudan*,
　864 F.3d 751 (D.C. Cir. 2017) ...........................................................................2, 3

*Posters 'N' Things, Ltd. v. United States*,
　511 U.S. 513 (1994)..................................................................................................3

*Sissel v. United States HHS*,
　799 F.3d 1035 (D.C. Cir. 2015) ..............................................................................5

*Skinner-Smith v. Sec'y of HHS*,
　141 Fed. Cl. 348 (2018).............................................................................................5

*Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*,
　455 U.S. 489 (1982) ..................................................................................................3

**Statutes**

28 U.S.C. § 1605A ......................................................................................................1, 2

34 U.S.C. § 20144 ............................................................................................................6

**Other Authorities**

Claire Jungman and Daniel Roth, "July 2022 Iran Tanker Tracking," United
　Against Nuclear Iran (Aug. 1, 2022) .......................................................................6

Pursuant to the Court's July 28, 2023 order, Appellants respectfully submit this brief in response to the United States' amicus brief ("U.S.Br."). For the reasons stated below, the Government's argument that the Terrorism Exception, 28 U.S.C. § 1605A, does not reach the provision of material support for an act of extrajudicial killing that happens to result in injuries but not fatalities, is incorrect.

Most of the Government's arguments are directed to the definition of "killing," and do not address the district court and Appellants' principal argument— that "a foreign state's support with the object or purpose of an extrajudicial killing constitutes support '*for* such an act' under the statute," even if a death does not ultimately occur. A598-90 (emphasis added). *See also* Appellants' Suppl. Br. at 2-3.

On this point, the Government argues that the word "for" cannot mean "for the purpose of" because "[t]he result would be that a state is liable for furnishing material support for an attempted extrajudicial killing by others but not liable if it directly committed the same act." (U.S.Br. at 6). This is demonstrably incorrect—a foreign state may be held liable for committing an act of terrorism ***or*** providing material support for such an act. Section 1605A states:

> A foreign state shall not be immune from the jurisdiction of courts of the United States…for personal injury or death that was caused by an act of…extrajudicial killing…***or*** the provision of material support or resources for such an act if *such act or provision of material support or resources* is engaged in by an official, employee, or agent of such foreign state while acting within the scope of his or her office, employment, or agency.

1

28 U.S.C. § 1605A (emphases added). Thus, a designated state sponsor of terrorism loses immunity in *two* situations: (1) where a foreign official, employee or agent of that state (while acting within the scope of that role) has "engaged in" such an act *or* (2) has provided material support or resources for such an act.

The Government then argues that this Court in *Owens v. Republic of Sudan*, 864 F.3d 751 (D.C. Cir. 2017), "rejected the premise that the use of 'for' with reference to 'the provision of material support' indicates that the FSIA 'requires a showing of intent' on the part of the foreign sovereign to achieve the predicate act…." (U.S.Br. at 6 (quoting *Owens*, 864 F.3d at 798) (cleaned up)). That is true, but irrelevant. The issue here is not whether § 1605A *requires* a showing of intent, but whether a court can infer from the available evidence that a state sponsor of terrorism's knowing provision of material support to a terrorist group was for the purpose of assisting that group to commit extrajudicial killings.

This Court in *Owens* did *not* hold that the word "for" means something other than "with the purpose of." It only held that requiring proof of a state sponsor of terrorism's "specific intent" would be too onerous for Terrorism Exception plaintiffs and observed that "[n]othing in the FSIA…requires a greater showing of intent than proximate cause" *Id.* at 798. It explained that "[b]ecause material support 'is difficult to trace,' requiring more than proximate cause 'could absolve' a state from liability when its actions significantly and foreseeably contributed to the predicate act." *Id.*

2

(quoting *Kilburn v. Socialist People's Libyan Arab Jamahiriya*, 376 F.3d 1123, 1129 (D.C. Cir. 2004)).

*Owens* further noted that other courts have likewise not required a showing of specific intent for the same reason:

> As Judge Posner has aptly said, "[t]o require proof that [a defendant] *intended* that his contribution be used for terrorism...would as a practical matter eliminate...liability except in cases in which the [defendant] was foolish enough to admit his true intent." *Id.* at 698-99. The same holds true for a state sponsor of terrorism under the FSIA; it may not avoid liability for supporting known terrorist groups by professing ignorance of their specific plans for attacks.

864 F.3d at 799 (quoting *Boim v. Holy Land Found. for Relief & Dev.*, 549 F.3d 685, 698-99 (7th Cir. 2008)).

In fact, far from holding that "for" does not mean "with the purpose of," *Owens* noted that Supreme Court decisions only differ on whether that purpose "requires a showing of intent on the defendant's behalf," *id.* (quoting *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 502 (1982)), or "looks only to the objective features of the product, not to a defendant's intent," *id.* (quoting *Posters 'N' Things, Ltd. v. United States*, 511 U.S. 513, 519 (1994)). But in both cases the word "for" refers to the *purpose* of the "product."

The material support's purpose is "objectively" clear; it is knowingly provided to a terrorist organization notorious for committing acts of terrorism that often cause

3

deaths, as is the case here. *See Boim*, 549 F.3d at 693-94 (holding that a donor who "knows" a terrorist group's "aims and activities" knows the purpose of the donation is to kill). The specific nature of the support may also indicate that purpose as well. *See* A590 (crediting evidence that Iran paid Hamas for bombings of civilians in Israel). *See also Karcher v. Islamic Republic of Iran*, 396 F. Supp. 3d 12, 56 (D.D.C. 2019) ("Because these weapons deliver deadly force, the Court presumes that Iran's intent was to kill a vehicle's occupants. In other words, the goal was to kill people, not just disable vehicles. Moreover, Iran wanted EFPs to be used against the U.S. military, which Iran saw as a threat to its objectives."). *See also id.* at 57 ("Nothing on the face of Section 1605A(a)(1) requires that the material support or resources for an intended extrajudicial killing actually result in someone's death, as long as the victim represented in the case was injured.").

The Government argues that Congress could have made the statute even clearer by using a phrase like "providing 'material support or resources…knowing or intending that they are to be used' to aid certain acts." (U.S.Br. at 7 (quoting 18 U.S.C. § 2339A(a))). Perhaps, but the word "for" is clear enough—as the court below showed, the American Heritage Dictionary states "'for' 'indicate[s] the object or purpose of an action or activity.'" A589 (quoting *For*, Am. Heritage Dictionary 329 (3d ed. 1994)). In a concurrence in the *en banc* decision *Sissel v. United States HHS*, three judges of this court stated that where the "critical word for this analysis

4

is 'for,'" that "[t]he word 'for' in this context means 'with the purpose or object of.'" 799 F.3d 1035, 1043 (D.C. Cir. 2015) (concurrence, Rogers, Pillard, Wilkins, JJ.) (quoting Webster's 3d New Int'l Dictionary of the English Language 886 (1981)). No additional language is necessary because, as another court explained, "[t]he plain meaning of the word 'for,' as defined by dictionaries contemporaneous to the passage of the Vaccine Act is to indicate 'purpose.'" *Skinner-Smith v. Sec'y of HHS*, 141 Fed. Cl. 348, 370 (2018) (citing, *inter alia*, *A Dictionary of Modern Legal Use* 78 (defining "for" as a "general-purpose causal" conjunction)). Other cases and dictionary definitions abound, but Appellants omit them here due to the word limit of this brief.

The Government also disagrees with the district court's and Appellants' policy grounds for affirmance, arguing that "[e]xpanding the pool of eligible claimants will inevitably affect the ability of other claimants to receive prompt compensation," (U.S.Br. at 8 (quoting *Force v. Islamic Republic of Iran*, 610 F. Supp. 3d 216, 224-25 (D.D.C. 2022))). But as the *Force* court acknowledged, it is hardly more equitable to deny grievously wounded victims of terrorism a chance at recovery (however meager) in order to increase the potential recovery for other victims who may be far *less* severely injured. *See Force*, 610 F.Supp.3d at 228 (questioning "whether Congress could have intended such an incongruity"). The Government's position pits terror victims against each other—the antithesis of what Congress intended.

5

The Government is right of course that most recoveries to date have come from a fund created by Congress—the U.S. Victims of State Sponsored Terrorism Fund ("USVSST")—and "[t]he question of how best to balance these competing interests in a limited fund is best left to Congress." (U.S.Br. at 8 (citation omitted)). But Plaintiffs here *are* "victims of state sponsored terrorism," and the fund's enabling statute does not suggest otherwise. *See* 34 U.S.C. § 20144. If there are currently insufficient funds in the USVSST, which are "largely derived from 'proceeds from penalties paid by companies and individuals that violate sanctions imposed on state sponsors of terrorism" (U.S.Br. at 8 (citation omitted)), that is because of the United States's policy decision not to aggressively enforce sanctions. *See e.g.*, Claire Jungman and Daniel Roth, "July 2022 Iran Tanker Tracking," United Against Nuclear Iran (Aug. 1, 2022) *available at* https://tinyurl.com/mrrxy8r4 (noting a surge in Iranian oil exports as "a result of terminally lax sanctions-enforcement").

This Court should affirm the district court's conclusion on this issue.

Dated:  Brooklyn, New York
        August 18, 2023

Respectfully submitted,

THE BERKMAN LAW OFFICE, LLC
*Attorneys for Plaintiffs*

by:  _____
     Robert J. Tolchin

829 East 15th Street, Box 7
Brooklyn, New York 11230
718-855-3627
rtolchin@berkmanlaw.com

7

# CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 28(a)(10), I hereby certify that this Brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because, excluding the portions of this Brief exempted by Fed. R. App. P. 32(f) and Circuit Rule 32(e)(1), this Brief contains 1,488 words. This word count was made by use of the word count feature of Microsoft Word, which is the word processor used to prepare this Brief.

I further certify that this document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. Proc. 32(a)(6).

Dated: August 18, 2023

/s/ Robert J. Tolchin
Robert J. Tolchin
*Attorney for Plaintiff-Appellant*

## CERTIFICATE OF SERVICE

I hereby certify that on August 18, 2023, 2 copies of the foregoing Supplemental Brief for Plaintiffs-Appellants in Response to *Amicus Curiae* United States were served via Federal Express upon the following:

Catherine E. Stetson
UNIVERSITY OF VIRGINIA SCHOOL OF LAW
580 Massie Road
Charlottesville, VA 22903
(240) 515-4609

U.S. DEPARTMENT OF JUSTICE
950 Pennsylvania Avenue, NW
Washington, DC 20530
(202) 514-2000

PERLES LAW FIRM, PC
816 Connecticut Avenue, NW, 12th Floor
Washington, DC 20006
(202) 955-9055

Peter Raven-Hansen
GEORGE WASHINGTON UNIVERSITY LAW SCHOOL
720 20th Street, NW, Burns 411
Washington, DC 20052
(202) 994-8171

Dated: August 18, 2023

/s/ Robert J. Tolchin
Robert J. Tolchin
*Attorney for Plaintiff-Appellant*