ORAL ARGUMENT NOT YET SCHEDULED

*Appeal No. 22-7058*

IN THE

# United States Court of Appeals

FOR THE DISTRICT OF COLUMBIA CIRCUIT



ELI M. BOROCHOV; RONEN STEVEN BOROCHOV; DEVORA SUE BOROCHOV; JOSEF S. BOROCHOV; SHIRA NECHAMA BOROCHOV; ABRAHAM M. BOROCHOV; YOAV GOLAN; ROTEM SHOSHANA GOLAN; YEHUDIT GOLAN; MATAN G. GOLAN; CICI JACOBSON; EDDY JACOBSON; CHAIM GOLDWATER; ESTHER GOLDWATER; SHMUEL GORFINKLE; SARA GORFINKLE; ESTHER FISHFEDER; DAVID FISHFEDER;

*Plaintiffs,*

*and*

SHARI MAYER BOROCHOV; RAPHAEL GOLAN; NADAV GOLAN; YAEL GOLAN INBAR; SHAI FISHFEDER; EFRAT FISHFEDER; OHAD FISHFEDER; OMER FISHFEDER; SHIRI FISHFEDER,

*Plaintiffs-Appellants,*

*against*

ISLAMIC REPUBLIC OF IRAN; SYRIAN ARAB REPUBLIC,

*Defendants-Appellees.*

———————

*On Appeal from the United States District Court for the District of Columbia*

## BRIEF FOR PLAINTIFFS-APPELLANTS

Robert J. Tolchin
THE BERKMAN LAW OFFICE, LLC
*Attorneys for Plaintiffs-Appellants*
829 East 15th Street
Brooklyn, New York 11230
718-855-3627

## <u>CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES</u>

**A.    Parties and Amici.**

The plaintiffs in the court below were:

Eli M. Borochov

Ronen Steven Borochov

Devora Sue Borochov

Shari Mayer Borochov

Josef S. Borochov

Shira Nechama Borochov

Avraham M. Borochov

Yoav Golan

Rotem Shoshana Golan

Raphael Golan

Yehudit Golan

Matan G. Golan

Yael Golan Inbar

Nadav Golan

Shai Fishfeder

Efrat Fishfeder

Ohad Fishfeder

Omer Fishfeder

Shiri Fishfeder

Cici Jacobson

Eddy Jacobson

Chaim Goldwater

Esther Goldwater

Shmuel Gorfinkle

Sara Gorfinkle

Eshter Fishfeder

David Fishfeder

When this case was originally filed there were additional plaintiffs, but their claims were dismissed without prejudice. Those plaintiffs were:

Natanel Chaim Mark

Chava Rachel Mark

Yiska Mark

Shira Hodaia Mark Charif

Yehoshua Mordechai Mark

Miryam Mark

Orit Mark

Pdaya Menachem Mark

Ayelet Hashachar Batt

Aryeh Batt

Elisheva Hirschfeld


The appellants are the following plaintiffs:

Shari Borochov

Raphael Golan

Nadav Golan

Yael Inbar

Shai Fishfeder

Efrat Fishfeder

Ohad Fishfeder

Omer Fishfeder

Shiri Fishfeder.

Defendants below were named as follows, and are named as appellees before this Court:

The Islamic Republic of Iran

The Syrian Arab Republic


No amici appeared in the court below.

**B.    Rulings Under Review.**

Under review are:

1.     March 4, 2022 Memorandum Opinion of Hon. Trevor McFadden, District Judge (A575)

2.     March 4, 2022 Order of Hon. Trevor McFadden, District Judge (A622)

3.     April 13, 2022 Order of Hon. Trevor McFadden, District Judge (A654)

Appellants are unaware of any official citations for any of these opinions or orders.

**C.    Related Cases.**

The case on review has never before been before this Court. To Appellants' knowledge, no related appeals are pending in this Court.

Dated:   Brooklyn, New York
        November 16, 2022

Respectfully submitted,

THE BERKMAN LAW OFFICE, LLC
*Attorneys for Plaintiffs-Appellants*

by:  /s/ Robert J. Tolchin
        Robert J. Tolchin, Esq.

829 East 15th Street
Brooklyn, New York 11230
(718) 855-3627
rtolchin@berkmanlaw.com

## Table of Contents

CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES ............................................................................................*i*

TABLE OF CONTENTS.......................................................................*v*

TABLE OF AUTHORITIES .................................................................*vi*

JURISDICTIONAL STATEMENT ........................................................1

STATEMENT OF ISSUE PRESENTED.................................................1

STATEMENT OF THE CASE................................................................2

STATEMENT OF FACTS .....................................................................3

SUMMARY OF ARGUMENT ..............................................................8

ARGUMENT ........................................................................................8

STANDARD OF REVIEW ....................................................................8

**POINT I**

THE FINDER OF FACT MUST DETERMINE THE AMOUNT OF DAMAGES BASED ON THE EVIDENCE PRESENTED AND THE APPLICABLE LAW ...........................................................................10

**POINT II**

THE COURT BELOW SHOULD HAVE GRANTED THE MOTION FOR RECONSIDERATION ..................................................................24

CONCLUSION ....................................................................................25

CERTIFICATE OF COMPLIANCE.....................................................26

CERTIFICATE OF SERVICE .............................................................27

## Table of Authorities

## Cases

*Anderson v. Genuine Parts Co*., 128 F.3d 1267 (8th Cir. 1997) ......................12, 14

*Barr v. Clinton,* 370 F.3d 1196 (D.C. Cir. 2004)......................................................9

*Botvin v. Islamic Rep. of Iran,*
   772 F. Supp. 2d 218, 228 (D.D.C. 2011) ............................................................16

*Bucheit v. PLO*, 388 F.3d 346 (D.C. Cir. 2004) .....................................................10

*Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384 (1990)..........................................9

*Fain v. Islamic Rep. of Iran,* 856 F. Supp. 2d 109 (D.D.C. 2012) ............................4

*Flatow v. Islamic Rep. of Iran,* 999 F. Supp. 1 (D.D.C. 1998)..........................14, 15

*Force v. Islamic Rep. of Iran,*
   2022 WL 2965635 (D.D.C. July 27, 2022)........................................................20

*Fraenkel v. Islamic Rep. of Iran,*
   258 F. Supp. 3d 77 (D.D.C. 2017) ....................................................13, 14, 20, 23

*Fraenkel v. Islamic Rep. of Iran,*
   892 F.3d 348 (D.C. Cir. 2018) ......................................................9, 12, 13, 17, 19

*Grubb v. U.S.,* 887 F.2d 1230 (4th Cir. 1989)  ................................................9, 10

*Heiser v. Islamic Rep. of Iran,* 466 F. Supp. 2d 229 (D.D.C. 2006) .............3, 13, 18

*Henkin v. Islamic Rep. of Iran,* 2021 WL 2914035 (D.D.C. 2021)................3, 5, 20

*Hill v. Rep. of Iraq,* 328 F.3d 680 (D.C. Cir. 2003)..................................................8

*Leibovitch v. Islamic Rep. of Iran,* 697 F.3d 561 (7th Cir. 2012) ....................19, 20

*Leibovitch v. The Syrian Arab Rep.,*
   25 F. Supp. 3d 1071 (N.D. Ill. 2014) .............................................................3, 16

*Miles v. D.C.*, 510 F.2d 188 (D.C. Cir. 1975)..........................................................10

*Oveissi v. Islamic Rep. of Iran,* 573 F. Supp. 3d 835 (D.C. Cir. 2009) ...................4

*Oveissi v. Islamic Rep. of Iran,* 768 F. Supp. 2d 16 (D.D.C. 2011) .................16, 21

*Owens v. Sudan,* 864 F.3d 751 (D.C. Cir. 2017) ...................................................8, 9

*Peterson v. Islamic Rep. of Iran,* 515 F. Supp. 2d 25 (D.D.C. 2007).....................18

*Rimkus v. Islamic Republic of Iran,* 750 F. Supp. 2d 163, 176 (D.D.C. 2010)...................................................................................................................13

*Thuneibat v. Syrian Arab Rep.,* 167 F. Supp. 3d 22 (D.D.C. 2016) .......5, 17, 20, 23

*United States v. Taylor,* 487 U.S. 326 (1988).......................................................8, 9

*Webb v. United States Veterans Initiative (US Vets),* 993 F.3d 970 (D.C. Cir. 2021) .......................................................................9

*Weinstock v. Islamic Rep. of Iran,* 2019 WL 1507255 (S.D. Fla. April 4, 2019) .................................................17, 23

*Winter v. Nat. Res. Def. Council, Inc.,* 555 U.S. 7 (2008)........................................9

## **Statutes and Rules**

28 U.S.C. § 1291 .......................................................................................................1

28 U.S.C. § 1331 .......................................................................................................1

28 U.S.C. § 1602 .......................................................................................................3

28 U.S.C. § 1605A(c)..............................................................................................2, 3

28 U.S.C. § 1605A(a)(2)(A)(ii)(I) ...........................................................................19

Fed. R. App. Proc. 4(a)(1)(B) ...................................................................................1

Fed. R. Civ. P. 12 ......................................................................................................9

## **Other Authority**

*Standardized Civil Jury Instructions for the District of Columbia* § 1.02 (2022) .......................................................................................................11

## JURISDICTIONAL STATEMENT

The district court had subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as this action arises under a federal statute.

This Court has jurisdiction pursuant to 28 U.S.C. § 1291.

The district court entered final judgment on March 4, 2022 (A622).

Plaintiffs timely moved for reconsideration in the court below on March 31, 2022 (A625). The court below decided that motion on April 13, 2022 (A654).

Plaintiffs timely noticed their appeal on April 20, 2022 (A659); Fed. R. App. Proc. 4(a)(1)(B).

## STATEMENT OF ISSUE PRESENTED

Where a district court hearing claims of non-US citizen plaintiffs who were victims of state sponsored terrorism entitled to bring an action under 28 U.S.C. § 1605A(c) has determined it has jurisdiction, plaintiffs have established liability, and plaintiffs have established entitlement to damages, and damages are to be governed by foreign law which does not differ substantively from federal law applicable to US citizens damaged in the same terror attack, is it sufficient for the non-US citizen plaintiffs to establish the elements of damages under the applicable foreign law and present facts regarding their own damages, or must they provide the

district court with exemplar damages awards in similar cases from courts in the foreign jurisdiction?

## STATEMENT OF THE CASE

Appellants are non-US citizen victims of state sponsored terrorism, a subgroup of Plaintiffs in this action ("Plaintiffs"). The district court held it had jurisdiction, Plaintiffs were entitled to bring an action under 28 U.S.C. § 1605A(c), Plaintiffs had established liability, Plaintiffs had established entitlement to damages, and those damages would be governed by Israeli law. Although Israeli law is not substantively different from federal law applicable to the US citizens plaintiffs damaged in the same terror attack, the court below asked for exemplars of judgments awarded by Israeli courts in similar cases. That request was impossible to satisfy. Israeli law requires diplomatic service of process on a foreign state, and because Israel has no diplomatic relations with Iran, jurisdiction over Iran cannot be obtained in Israeli courts, and therefore there are no judgments of the sort requested by the court below. Nevertheless, Appellants established the elements of damages under Israeli law and presented facts regarding their damages. That should have provided a sufficient basis for the district court to make a damages award. As the finder of fact, the district court needed to decide the case based on the facts and law, not based on factual findings made by other courts in other cases. It was error for the court

below to deem impossible-to-obtain exemplars a *sine qua non* without which no damages award could be made. The court below should have made its own damages assessments, and it had plenty of cases to lean on, such as in *Estate of Heiser v. Islamic Rep. of Iran,* 466 F. Supp. 2d 229 (D.D.C. 2006), *Force v. Islamic Rep. of Iran,* 2022 WL 2965635 (D.D.C. July 27, 2022), *Henkin v. Islamic Rep. of Iran,* 2021 WL 2914035 (D.D.C. 2021), or *Leibovich v. The Syrian Arab Rep.,* 25 F. Supp. 3d 1071 (N.D. Ill. 2014), where the law to be applied was substantially the same as Israeli law.

## STATEMENT OF FACTS

This is a civil action for wrongful death, personal injury and related torts filed under the state-sponsored terrorism exception in Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1602, *et seq.* Plaintiffs' claims arise from two terrorist attacks: 1) a shooting attack carried out by operatives of the Hamas terrorist organization on November 6, 2015 in the city of Hebron, Israel when U.S. citizen Eli M. Borochov was shot in his thigh and testicles as he ascended the steps to a holy site, known as The Cave of the Patriarchs; and 2) a terrorist attack carried out on December 15, 2016 by an operative of Hamas who deliberately first rammed his car into people waiting at a bus stop, injuring U.S. citizen plaintiff Yoav Golan ("Yoav") and his wife, Israeli citizen plaintiff Rotem Shoshana Golan ("Rotem"). Plaintiffs allege

- 3 -

these two terrorist attacks were carried out by Hamas using material support and

resources provided by the two defendants, The Islamic Republic of Iran and The

Syrian Arab Republic (A18, Second Amended Complaint).

As the court below held, Plaintiffs satisfied all procedural requirements of

serving process on Defendants (A592-93). No response to the summons and

complaint having been received from either defendant, on April 9, 2021 Plaintiffs

filed a motion for a default judgment (A382), supported by numerous declarations

of Plaintiffs themselves and experts on issues of both liability and damages (A45-

A381), a memorandum of law (A387), and proposed findings of fact and conclusions

of law (A434). Additionally, Plaintiffs also relied on five expert declarations that

had been submitted previously in the case of *Force v. Islamic Rep. of Iran*, DDC 16-

cv-1468. *See Fain v. Islamic Rep. of Iran*, 856 F. Supp. 2d 109, 115-16 (D.D.C.

2012) (holding court may rely on the evidence produced in earlier cases without

requiring plaintiffs to re-submit and re-establish that same evidence here, to reach

its own findings as to elements that the earlier case found to be demonstrated).

In the motion for a default judgment, Plaintiffs noted that while certain

plaintiffs are US citizens, and are thus entitled to assert a cause of action under the

FSIA, other plaintiffs are not US citizens; and as such, while the FSIA allows them

to sue in US courts, their cause of action is governed by state or foreign law as

determined by applicable choice-of-law rules. *Oveissi v. Islamic Rep. of Iran*, 573 F.

Supp. 3d 835, 841 (D.C. Cir. 2009) (applying D.C. choice of law principles); *see also Thuneibat v. Syrian Arab Rep.,* 167 F. Supp. 3d 22, 42-44 (D.D.C. 2016) (discussing D.D.C. conflict of law rules). Plaintiffs asserted that as to these plaintiffs the applicable law would be the law of the State of Israel, and relied on the expert declaration of Dr. Boaz Shnoor, an expert in Israeli law, dated February 27, 2018 that had been submitted in the *Force* case (A664, Shnoor Declaration).

On January 18, 2022 the district court (McFadden, *J.*) issued an order to show cause ("OSC") seeking clarification of the applicable Israeli law. While the OSC addressed several issues, only one of those issues is of importance to this appeal: the court requested clarification of "[w]hether and in what amount Israeli law awards damages for (1) Rotem Golan's physical injuries and (2) the emotional injuries allegedly suffered by Israeli family members of Yoav Golan and Rotem Golan" (A551).

Appellants responded to the OSC (A552). As to the damages issue relevant to this appeal, their response is at A568-72. Appellants directed the court to a recent decision by Judge Royce Lamberth in *Henkin v. Islamic Rep. of Iran,* 2021 WL 291403 (D.D.C. 2021), which addressed the same damages issue under Israeli law. Further, Appellants also relied on the affidavit of Professor Israel Gilead (A690, Gilead Declaration), another Israeli law expert who submitted an expert affidavit in *Henkin*. Invoking *Henkin*, Prof. Gilead's declaration, and Dr. Shnoor's declaration

from *Force*, Appellants explained the elements of damages under Israeli law. As to the magnitude of damages Appellants argued that the amounts of damages should be consistent with similar cases in the forum, and cited a series of cases where courts awarding damages under Israeli law to Israeli citizens who were victims of terrorism made damages awards largely consistent with the awards made in the same cases to US-citizen co-plaintiffs. (A571).

The district court issued an opinion on March 4, 2022 (A575). The court found for Plaintiffs on all liability issues and made substantial damages awards to all the US citizen plaintiffs and one of the Israeli citizen plaintiffs, Rotem Golan, who had suffered a physical injury. However, the court dismissed the claims of the remaining Israeli citizen plaintiffs whose claim was for solatium damages on the ground that Appellants had "provide[d] no estimate for damages allowable under the substantive law that they admit governs their claims" (A615). Essentially the court felt that Appellants should have provided exemplar damages awards awarded by Israeli courts.

On March 31, 2022 Plaintiffs filed a Motion for Reconsideration (A625). The motion was supported by a supplemental declaration of the same Israeli law expert Dr. Shnoor (A634). Dr. Shnoor's supplemental declaration discussed the elements of damages under Israeli law at length and explained how an Israeli court would go about determining damages in a case like this. Further, he mentioned that although

Israeli law provides a cause of action in a case like this, there are no Israeli court decisions deciding the liability of states like Iran or Syria for one understandable reason: under Israeli procedural law a state defendant can only be served with process through diplomatic channels, and since Israel does not have diplomatic relations with Iran or Syria service of process cannot obtain, and so no Israeli court has ever had occasion to make a damages award against them (A636 ¶ 10). The court did not need to see such cases to measure damages, however. As Appellants argued below, the court had been provided with the applicable law and the elements of damages awards under the applicable law, and it was up to the court itself as the finder of fact to determine appropriate damages awards.

On April 13, 2022 the court below denied the Motion for Reconsideration (A654).

On April 20, 2022 the Israeli citizen Plaintiffs filed a notice of appeal from the March 4, 2022 Opinion, the March 4, 2022 Order, and the April 13, 2022 order denying the Motion for Reconsideration (A659).

The Appellants before this court are the Israeli citizen plaintiffs who were denied a judgment: Shari Borochov, Raphael Golan, Nadav Golan, Yael Inbar, Shai Fishfeder, Efrat Fishfeder, Ohad Fishfeder, Omer Fishfeder, and Shiri Fishfeder.

## SUMMARY OF ARGUMENT

A finder of fact, whether a jury or a judge, making a damages determination must hear the facts of the plaintiffs and the law governing damages, and make its own factual determination based on the facts and the law. No showing of previous verdicts or judgments in similar cases is required. While such verdicts or judgments can be considered in certain situations as guideposts for the sale of consistency or to avoid excessive or insufficient judgments, the absence of exemplar prior awards is not fatal to a plaintiff's claim.

## ARGUMENT

## STANDARD OF REVIEW

Addressing the standard of review in a Foreign Sovereign Immunities Act ("FSIA") case in an appeal from a district court's ruling on a motion for a default judgment, this court wrote:

> We review the District Court's FSIA damages awards for abuse of discretion. *See Owens v. Sudan,* 864 F.3d 751, 785 (D.C. Cir. 2017); *Hill v. Republic of Iraq,* 328 F.3d 680, 683 (D.C. Cir. 2003). Abuse-of-discretion review of findings underlying a default judgment in a FSIA case of this sort is "lenient." *Owens*, 864 F.3d at 785. However, the District Court's authority to award damages under § 1605A(c) is not without limits. *See United States v. Taylor,* 487 U.S. 326, 336 (1988) ("[D]iscretionary choices are not left to a court's inclination, but to its judgment; and its judgment is to be guided by sound legal principles.").

- 8 -

> "A district court would necessarily abuse its discretion if it based its ruling on" an error of law, "a clearly erroneous assessment of the evidence," *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 405 (1990), or an improper weighing of the factors limiting its discretion, *see, e.g., Winter v. Nat. Res. Def. Council, Inc.,* 555 U.S. 7, 28 (2008); *Taylor*, 487 U.S. at 336. In assessing whether the District Court has abused its discretion, we must always "ensure that the purposes of the" statute granting discretion to the trial court—in this case, the FSIA—"are given effect." *Taylor*, 487 U.S. at 336.

*Fraenkel v. Islamic Rep. of Iran,* 892 F.3d 348, 356 (D.C. Cir. 2018) (internal citations cleaned up).

However, the order of the court below denied the motion for a damages judgment as to the appealing plaintiffs (A625). While the order of the court below did not *per se* dismiss Appellants' claims, by denying a default judgment based on the available evidence it had reached a functionally equivalent result. Thus, Appellants believe the standard of review should be *de novo*, the standard typically applied to appeals from orders granting motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (6). *See Webb v. United States Veterans Initiative (US Vets),* 993 F.3d 970, 972 (D.C. Cir. 2021); *Barr v. Clinton,* 370 F.3d 1196, 1201 (D.C. Cir. 2004).

Moreover, the district court's legal conclusions, interpretations, and assumptions are reviewed *de novo*. *Owens*, 864 F.3d at 768.

At the same time, even though the district court did not make any findings regarding the damages of Appellants, the order appealed from could be regarded as a damages award. "This court regards damage awards as 'findings of fact' governed by [Rule] 52(a)" which must be vacated upon a showing of clear error. *Bucheit v. PLO*, 388 F.3d 346, 350 (D.C. Cir. 2004); *Miles v. D.C.*, 510 F.2d 188, 196 (D.C. Cir. 1975). Such error may be found in the district court's use of irrelevant and improperly considered factors in reaching its damages award, as is the appellants' contention in this case. *Id.,* 510 F.2d at 196 n.6; *Grubb v. U.S.*, 887 F.2d 1230, 1236 (4th Cir. 1989) ("The district judge clearly erred as a matter of law in considering the McDermott telephone call as an aggravating circumstance justifying a solatium award.").

### POINT I
### THE FINDER OF FACT MUST DETERMINE THE AMOUNT OF DAMAGES BASED ON THE EVIDENCE PRESENTED AND THE APPLICABLE LAW

The heading of this point seems obvious beyond the need for recitation. Whether the finder of fact is a judge or a jury, the finder of fact determining the amount of damages to award a plaintiff is required to apply the facts of the case to the applicable law governing damages and to reach an appropriate verdict based on the facts and law. Judge or jury, the finder of fact is supposed to consider only the

facts presented at trial and the law as determined by the judge. This instruction is given at every jury trial. *See, e.g., Standardized Civil Jury Instructions for the District of Columbia* § 1.02 (2022) ("Your responsibility as jurors is to determine the facts in the case and to apply those facts consistent with the legal principles that I will explain to you.") Yet in this case, the district court denied damages to Appellants, even though they had established liability and were otherwise entitled to a damages award, and did so for the sole reason that these plaintiffs had not presented proof of dollar values of awards made in similar cases by Israeli courts—proof that would be inadmissible were there a trial.

Rather than make its own findings regarding damages based on the evidence following the applicable law, the district court wanted to be able to take a shortcut and make an award based on awards given by Israeli courts in similar cases. However, such evidence, while it might be helpful to a court as a guidepost, is not required. It was the job of the district court to make damages awards based on the facts before it and the applicable law. Because the court below failed to do so its order should be reversed as to the Appellants to the extent it awarded these particular plaintiffs no damages.

In its March 4, 2022 Memorandum Opinion (A575) ("Opinion"), the court wrote that a damages award was being denied to Appellants because "they provide no estimate for damages allowable under the substantive law that they admit governs

their claims" (A615). In other words, the court held Appellants' submissions deficient because on the content of Israeli law they did not provide examples of damages awards in similar cases in Israeli courts, or other courts applying Israeli law.

The district court erred by conflating the concept of proof of the content of Israeli law with proof of specific damages awards made by courts applying Israeli law. Damages awards are factual findings, not law. *See Anderson v. Genuine Parts Co.,* 128 F.3d 1267, 1272 (8th Cir. 1997) ("[A] jury's verdict simply represents findings of fact, based on the evidence presented to it."). To render a damages award a court applies the applicable law of damages—i.e. the categories of damages available, how damages are required to be calculated, what factors to consider, etc.— and then makes its own factual findings as to what amount of damages to award in the particular case, based on the evidence presented to the court. Particular damages awards of other courts in other cases applying a given body of law are at most guideposts a court can use to guide it in making an award but are in no way essential to proving damages.

This Court's decision in *Fraenkel v. Islamic Rep. of Iran,* 892 F.3d 348 (D.C. Cir. 2018) is in accord, holding "District Court judges have discretion under 28 U.S.C. § 1608(e) to grant solatium awards based on the particular facts of each case, subject to abuse-of-discretion review for errors of law, clearly erroneous factual

findings, and faulty reasoning." *Id.*, 892 F.3d at 351. It is "the facts of each case"
that must be the basis of a court's damages award. That means the court should have
looked at the facts of the case—meaning the evidence presented of the harm endured
by each of the Israeli Plaintiffs—and then crafted a damages award based on those
facts, applying Israeli law.

In *Fraenkel*, as a matter of fact, Appellants had argued that the court was
required to award damages based on the damages framework laid out in *Heiser v.
Islamic Rep. of Iran,* 466 F. Supp. 2d 229 (D.D.C. 2006), but this Court did not
agree, ruling that "[w]hile past solatium awards from comparable cases are
appropriate sources of guidance for district courts, 'different plaintiffs (even under
FSIA) will prove different facts that may well (and should) result in different damage
awards.'" *Fraenkel,* 892 F.3d at 362 (quoting *Fraenkel v. Islamic Rep. of Iran,* 258
F. Supp. 3d 77, 82 (D.D.C. 2017)). The 2017 district court decision from which this
Court quoted, explained further:

> Despite its common acceptance, *Heiser* is not binding; it is an opinion
> of a valued colleague, not a superior court. This jurist believes that
> awards made through the "lens of civil tort liability" require all FSIA
> plaintiffs to justify their damages, which means that damages must be
> reasonably tied to a plaintiff's facts. *Rimkus v. Islamic Republic of Iran,*
> 750 F. Supp. 2d 163, 176 (D.D.C. 2010). Thus, different plaintiffs (even
> under FSIA) will prove different facts that may well (and should) result
> in different damage awards.

- 13 -

*Fraenkel v. Islamic Rep. of Iran,* 258 F. Supp. 3d 77, 82 (D.D.C. 2017), rev'd on other grounds, *Fraenkel*, 892 F.3d 348.

"*Heiser* reflects a reasonable effort to chart solatium award baselines, but the figures merely reflect the summary of judgments in prior cases" (*Fraenkel*, 892 F.3d at 361-62), are "a guide only" (A604), and "a useful reference point" (*Fraenkel*, 892 F.3d at 351). As even the court below acknowledged, "[c]ourts vary from these standards depending on the facts of each case" (A604). In other words, a court making a damages award in an FSIA case must look primarily at the facts of the particular case and, as the finder of fact, make a damages award that is appropriate to the case.

This is not a situation where solatium damages are not recoverable under the applicable Israeli law. It is just that for logistical reasons there just has not yet been a case in Israel where such damages could be awarded against Iran or Syria. Had there been such a case, the district court could have used it for illumination, like it can use *Heiser*, but not having a pioneer case is not essential to the making of a damages award. A line of cases has to start somewhere.

Indeed, 25 years ago when Judge Lamberth decided *Flatow v. Islamic Rep. of Iran,* 999 F. Supp. 1 (D.D.C. 1998), "the first case decided against Iran under the terrorism exception to the FSIA" (*Fraenkel,* 892 F.3d 356), he did not have the benefit of any prior damages awards to use as guideposts and decided the case by

- 14 -

analyzing as a matter of law the factors and considerations that should go into making a damages award, and then deciding the case as a finder of fact applying those legal factors and considerations to the facts of the case. *Flatow*, 999 F. Supp. at 30-32.

Our case is conceptually no different. Since the claims of the Israeli Plaintiffs are made under Israeli law, not the FSIA, the court below was required to apply Israeli law to determine the factors and considerations that go into making a damages award. But the district court was itself required to decide the amount of damages as a fact finder. If this matter were tried to a jury, the jury would be charged with the law of damages, counsel would argue the facts, and the jury would make a factual determination as to the amount of damages by applying the facts to the law. Counsel would be constrained to argue the facts of this case, and would not be permitted to offer in evidence verdicts or settlements of in other cases (*Anderson*, 128 F.3d at 1272 ("[A] jury verdict does not constitute evidence.")) since a case must be decided on its own facts and damages awards are factual, not legal.

When the court below issued an order on January 18, 2022 directing Appellants, *inter alia,* to furnish information about "[w]hether and in what amount Israeli law awards damages for (1) Rotem Golan's physical injuries and (2) the emotional injuries allegedly suffered by Israeli family members of Yoav Golan and Rotem Golan" (A550), Appellants responded with a submission that walked through

the factors and considerations governing awards of damages under Israeli law (A552). Plaintiffs relied on two expert declarations about Israeli law that had been submitted in other cases from Israel law experts Dr. Boaz Shnoor (A664) and Professor Israel Gilead (A690) to supplement the original submission on damages of the Appellants, the non-US citizen plaintiffs, which was contained in the Proposed Findings of Fact and Conclusions of Law (A530). Appellants thus supplied the court below with the applicable law of damages, anticipating that the court would apply that law of damages to the facts of this case and as the finder of fact render a factual finding awarding damages.

Plaintiffs further noted that other courts issuing damages awards in terrorism cases being decided under foreign law had turned to the *Heiser* guidepost numbers— as guides only, not as binding precedent—and urged the Court to do the same for the Israeli Plaintiffs. (A571-72). Plaintiffs there cited other cases where US federal courts were applying Israeli law in terror victim cases but used the *Heiser* numbers as guideposts in calculating damages. For example, the court in *Leibovitch v. The Syrian Arab Rep.,* 25 F. Supp. 3d 1071 (N.D. Ill. 2014), used the law of the forum in "assessing the proper damages award" because to conduct "further research would unduly burden both Plaintiffs and the Court." *Id*. The Court indicated that using the law of the forum would be "in the interests of justice" for a damages assessment. *See also Botvin v. Islamic Rep. of Iran*, 772 F. Supp. 2d 218, 228 (D.D.C. 2011); *Oveissi*

*v. Islamic Rep. of Iran*, 768 F. Supp. 2d 16 (D.D.C. 2011) (applying French law to the tort claims and federal law to the damages assessment); *Thuneibat*, 167 F. Supp. at 47 (collecting cases where courts assessed liability under foreign or state law but applied federal standard to damage calculation). Similarly, in *Fraenkel,* this Court noted that when there is a lack of information about the proper calculation of damages under a foreign law, the district court should default to the application of federal law. *Fraenkel,* 892 F.3d at 358. In *Weinstock v. Islamic Rep. of Iran*, 2019 WL 1507255 (S.D. Fla. April 4, 2019), the Court used Israeli law to impute negligence to the defendants but used the *Heiser* framework under federal case law to assess damages for an Israeli father whose U.S.-citizen son died in a terrorist attack when it awarded the Israeli father $5 million in solatium damages.

Here, just as in *Fraenkel*, *Thuneibat, and Weinstock*, it would be fair to utilize the *Heiser* damages framework for the Israeli Plaintiffs.[1] As demonstrated by the declarations of the Israeli law experts relied upon by Plaintiffs, the elements of

---

[1] Specifically, since the Israeli Plaintiffs have established that they would be entitled to recover solatium damages under Israeli law, the Court should calculate the damages under the *Heiser* damages framework as follows: $2,500,000 in damages to Raphael Golan; $1,250,000 in damages to Yael Golan Inbar; $1,250,000 in damages to Nadav Golan; $2,500,000 in damages to Shai Fishfeder; $2,500,000 in damages to Efrat Fishfeder; $1,250,000 in damages to Ohad Fishfeder, $1,250,000 in damages to Omer Fishfeder; and $1,250,000 in damages to Shiri Fishfeder.

damages under Israeli law are not significantly different from the elements of damages under an FSIA claim as described by *Heiser*. While the district court is free under *Fraenkel* to make its own findings of fact, using the *Heiser* guideposts is not an unreasonable place to begin. Doing so would also avoid having different plaintiffs receive different awards for similar injuries based only on their citizenship. *See Peterson v. Islamic Rep. of Iran,* 515 F. Supp. 2d 25, 54 (D.D.C. 2007) ("In awarding pain and suffering damages, the Court must take pains to ensure that individuals with similar injuries receive similar awards."). Appellants posit that this is a fair approach because citizens of every country are all equal as human beings, and suffering is suffering regardless of a particular plaintiff's citizenship. Plaintiffs believe it would be unseemly and unjust for a court to reach dramatically divergent damages awards for plaintiffs with similar injuries based only on citizenship status, particularly where the law of both jurisdictions governing damages is similar. In the absence of any substantial divergence between Israeli law on damages and the law governing damages in FSIA cases, for the sake of consistency and respect for the equality of humankind if the Court wishes to consult guideposts in making its damages awards the Court should consult *Heiser*.

The court below dismissed this injustice argument on the ground that the "natural forum" for Appellants, as Israelis, to bring their claims would be Israeli courts and "[t]here is nothing unseemly or unjust in a result that denies Plaintiffs a

- 18 -

chance to take advantage of a narrow exception to that rule" (A657). What "narrow exception" the district court was referring to is unclear. The court itself recognized that under the applicable statute, 28 U.S.C. § 1605A(a)(2)(A)(ii)(I), if either the "claimant or the victim was…a national of the United States" an action may be maintained in US federal courts. (A594). The Israeli plaintiffs are entitled to be treated not as uninvited guests to whom the court is merely being cordial, but rather as the full-fledged plaintiffs with the same rights as US citizen plaintiffs, as this Court has acknowledged. *See Fraenkel,* 892 F.3d at 358; *Leibovitch v. Islamic Rep. of Iran*, 697 F.3d 561, 572 (7th Cir. 2012) ("Though she is not a victim of extrajudicial killing, S.L. is a victim of the *act* that killed her sister because she was severely injured in the same assault. Therefore, jurisdiction exists for her foreign national family members to bring claims derived from S.L.'s injury."). Given the plain language of the statute and circuit court precedent, including binding precedent from this Court, the dismissive view of the Israeli plaintiffs' claims taken by the court below was error as a matter of law and an abuse of discretion.

The court below took umbrage that Appellants did not provide a list of damages awards made by Israeli courts in similar cases to serve as a *Heiser*-like guidepost for making awards under Israeli law. But Appellants did not provide such a list because there is no list to provide. Nobody has such a list, and no such list was submitted in the earlier cases where the declarations of Dr. Shnoor and Prof. Gilead

had been submitted, *Henkin v. Islamic Rep. of Iran*, 2021 WL 2914035 (D.D.C. July 12, 2021) and *Force v. Islamic Rep. of Iran*, 2022 WL 2965635 (D.D.C. July 27, 2022). In both cases damages awards were made to plaintiffs with foreign citizenship applying foreign law without the plaintiffs having been required to present evidence of actual verdicts or judgments in the courts of the foreign country for similar claims. The court wrote in *Force:*

> However, the non-U.S. nationals, including Moses's step-siblings and Shitrit's father, did not submit evidence or analysis regarding the calculation of solatium damages under Israeli law. Plaintiffs' Israeli law expert proffered his opinion solely as to whether Plaintiffs are entitled to recover damages, and not as to how much Plaintiffs should be awarded…. Where this Court lacks information regarding the "proper calculation" of solatium damages under foreign law, it will "default to the application of federal law." *Fraenkel*, 892 F.3d at 358…. The Court will, accordingly, apply the same *Heisler I* framework to the Israeli citizens that it applies to the United States nationals.

*Force,* 2022 WL 2965635 at *8. And these two cases are not outliers; there are many similar cases. *See Fraenkel,* 258 F. Supp. 3d at 77; *Leibovitch*, 697 F.3d at 561 (borrowing from federal law for damages assessment where the plaintiffs "failed to provide the Court with relevant material pertaining to damages award for mental injury under Israeli law"); *Thuneibat*, 167 F. Supp. 3d at 47 ("The plaintiffs' Jordanian law expert proffered only his opinion as to whether the Khorma family plaintiffs are entitled to recover damages, not how much they should be awarded.

Given the lack of the information regarding the proper calculation of solatium damages under Jordanian law, the Court will, "in the interest of justice," analyze damages awards under the federal Section 1605A framework."); *Oveissi v. Islamic Rep. of Iran,* 768 F. Supp. 2d at 16 (applying the federal standard for solatium damages even though liability was established under French law).

After reviewing the Opinion, Plaintiffs consulted with Dr. Shnoor to try to answer the concerns raised by the district court. Dr. Shnoor prepared a supplemental expert declaration to try to address the court's concerns (A634). That supplemental declaration was presented to the district court in support of the Motion for Reconsideration (A625).

Dr. Shnoor's supplemental declaration provided a more elaborate and detailed explication of Israeli law of damages applicable in cases like this, and further particularized the factors and considerations that an Israeli court would consider if it were making a damages award in a terrorism case like this one. Dr. Shnoor further explained that he cannot provide a list of previous awards in similar cases under Israeli law because, as a practical matter for reasons of the impossibility of service of process because Israel does not have diplomatic relations with Iran or Syria, no cases like this have been brought in Israel:

> However, even though States can be liable for terrorist attacks, and even though foreign States do not have immunity against tort claims under Israeli Law, Israeli Foreign States Immunity Act, 2008 ("IFSIA"),

- 21 -

Article 5, as a practical matter there are no cases in Israeli law where the courts dealt with such cases and decided the damages that a State should pay for its involvement in a terrorist attack. The reason for the absence of cases is that Article 13 of the IFSIA states that only the Israeli Foreign Ministry is permitted to serve process on foreign states on behalf of plaintiffs. The Foreign Ministry refuses to serve States which do not have diplomatic relations with Israel, such as Iran and Syria, *see e.g.* LCA 1104/09 *AG v. Steen* (12/8/2011). Thus, there is no way to serve these States. Since these states cannot be served under Israeli procedural law, the Israeli courts have not had the opportunity to adjudicate terror victim cases against foreign states under the applicable Israeli law.

Thus, regarding the issue that concerned this Court in the Memorandum Opinion, there are presently no cases adjudicated by the courts in Israel deciding damages against a foreign state for its involvement in a terrorist attack.

However, the absence of cases does not mean that there are no guideposts or law applicable to damages in such cases. The criteria that an Israeli court would apply to determine damages against foreign states for their sponsorship of terror attacks are well established.

(A636, ¶ 10-12).

Since no comparable terrorism cases against foreign states have been decided by Israeli courts, the court below actually had a *tabula rasa*, like Judge Lamberth had in *Flatow*. Just as Judge Lamberth did in *Flatow*, the court below should have looked at the factors and considerations for damages awards in a case of this nature under Israeli law as explained by Dr. Shnoor in detail in his declaration and applied

the facts of the Israeli Plaintiffs' damages to that Israeli law and, as the finder of fact, made a damages award. It would, perhaps, be nice to have a *Heiser*-like decision from an Israeli court summarizing myriad previous cases, or to have such cases themselves to consider, to serve as a guidepost, but as explained by Dr. Shnoor that does not exist.

None of this should have posed any problem to the district court. The factors and considerations to be considered under Israeli law for determining damages, as detailed in Dr. Shnoor's affidavit, are either identical or quite similar to the factors considered by American courts deciding FSIA cases for US citizens. Since the Israeli law on damages is similar to US law in FSIA cases for US citizens, Appellants continue to believe that it appropriate for this Court to apply the *Heiser* framework to this case, just as the *Fraenkel*, *Thuneibat*, and *Weinstock* courts did.

By denying a damages award to Appellants, despite their being entitled to bring this case in US courts under the applicable statute, and despite the court below having determined liability and entitlement to damages in their favor, the court below failed in its primary mission to do justice. Regardless of whether this appeal is evaluated under a *de novo*, plain error, clear error, or abuse of discretion standard, the decision of the district court was erroneous and should be reversed.

## POINT II

## THE COURT BELOW SHOULD HAVE GRANTED THE MOTION FOR RECONSIDERATION

When Plaintiffs moved for reconsideration, the court below termed the motion "doomed" because they had not previously stated that there were no cases in Israel making damages awards in terrorism cases against Iran (A656). Although the district court acknowledged Plaintiffs' position that the court itself was required to make factual determinations as to damages and that no exemplars of previous judgments is required or necessary (A656, n. 5), the court nevertheless refused to do so because "[t]he Court clearly asked…for amounts under Israeli law." *Id.* While the district court may have asked for amounts awarded by Israeli courts under Israeli law (A551), that request does not create a legal requirement that there be any amounts presented. A court is required to decide a case based on the available evidence; plainly damages awards can be reached based on facts about a plaintiff's damages and expert affidavits about the law governing damages. When this was pointed out to the district court in the Motion for Reconsideration, the court should have recognized its error and granted the motion. Of course, this issue may be regarded as moot if Appellants prevail on Point I, presented above.

## CONCLUSION

For the reasons set forth above, the Court should reverse the order of the district court, and either issue a judgment granting the damages awards as requested by Plaintiffs, *see* note 1, *supra*, to wit: $2,500,000 in damages to Raphael Golan; $1,250,000 in damages to Yael Golan Inbar; $1,250,000 in damages to Nadav Golan; $2,500,000 in damages to Shai Fishfeder; $2,500,000 in damages to Efrat Fishfeder; $1,250,000 in damages to Ohad Fishfeder, $1,250,000 in damages to Omer Fishfeder; and $1,250,000 in damages to Shiri Fishfeder; or remand this case to the district court with instructions to make appropriate damages findings.

Dated:   Brooklyn, New York
         November 16, 2022

Respectfully submitted,

THE BERKMAN LAW OFFICE, LLC
*Attorneys for Plaintiffs-Appellants*

by:  /s/ Robert J. Tolchin
        Robert J. Tolchin, Esq.

829 East 15th Street
Brooklyn, New York 11230
(718) 855-3627
rtolchin@berkmanlaw.com

- 25 -

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 28(a)(10), I hereby certify that this Brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because, excluding the portions of this Brief exempted by Fed. R. App. P. 32(f) and Circuit Rule 32(e)(1), this Brief contains 6,081 words. This word count was made by use of the word count feature of Microsoft Word, which is the word processor used to prepare this Brief.

I further certify that this document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. Proc. 32(a)(6).

Dated: November 16, 2022

/s/ Robert J. Tolchin
Robert J. Tolchin
*Attorney for Plaintiff-Appellant*

## CERTIFICATE OF SERVICE

I hereby certify that on November 16, 2022, the foregoing Brief for Plaintiffs-Appellants was served via CM/ECF upon all counsel of record.

Dated: November 16, 2022

/s/ Robert J. Tolchin
Robert J. Tolchin
*Attorney for Plaintiff-Appellant*